1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| KRISTY DOUGLAS and TYSHEKA RICHARD, individually and on behalf of all others similarly situated, | NO. |
| Plaintiffs, | |
| v. | **COLLECTIVE ACTION COMPLAINT** |
| XEROX BUSINESS SERVICES, LLC, a Delaware Limited Liability Company; LIVEBRIDGE, INC., an Oregon Corporation; AFFILIATED COMPUTER SERVICES, INC., a Delaware Corporation; AFFILIATED COMPUTER SERVICES, LLC, a Delaware Limited Liability Company, | |
| Defendants. | |

### I.    INTRODUCTION

1.1    Plaintiffs bring this action on behalf of themselves and all similarly situated employees against Defendants for engaging in a systematic scheme of wage and hour violations.  The scheme involves, among other things, requiring or permitting employees to work off the clock, failing to pay employees for all hours worked, and failing to pay employees for overtime work.

CLASS ACTION COMPLAINT- 1
(NO. _____)

BRESKIN│JOHNSON│TOWNSEND ᴘʟʟᴄ
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

## II.      JURISDICTION AND VENUE

2.1      Defendants are within the jurisdiction of this Court.  This Court has jurisdiction under 28 U.S.C. §1331 because Plaintiffs' claims arise under federal law in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-219.

2.2      Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) because Defendants do sufficient business in this District to subject them to personal jurisdiction herein.

## III.      PARTIES

3.1      Plaintiff Tysheka Richard is a citizen of Washington State.  Defendants hired Plaintiff Richard as a non-exempt customer care assistant in August 2010.  Since she was hired, Plaintiff Richard has been employed as a customer care assistant or technical support agent and has performed customer service work in Defendants' call center in Federal Way, Washington.  Defendants required Plaintiff Richard to perform unpaid work before, during, and after her scheduled shift.  Defendants failed to pay Plaintiff Richard for all hours worked, including overtime hours.

3.2      Plaintiff Kristy Douglas is a citizen of the state of Indiana.  Defendants hired Plaintiff Douglas as a non-exempt customer care assistant in November 2010.  Since she was hired, Plaintiff Douglas has been a customer care assistant and has performed customer service work in Defendants' call center in Anderson, Indiana.  Defendants required Plaintiff Douglas to perform unpaid work before, during, and after her scheduled shift.  Defendants failed to pay Plaintiff Douglas for all hours worked, including overtime hours.

3.3      Defendant Xerox Business Services, LLC ("Xerox") is a Delaware LLC with its headquarters in Texas.  Xerox has employed thousands of employees in the United States, including Plaintiffs and proposed Class members.  On information and belief, Xerox is either the parent company or affiliate of co-Defendants Livebridge, Inc., Affiliated Computer Services, Inc., and Affiliated Computer Services, LLC.  On

CLASS ACTION COMPLAINT- 2
(NO. _____)

BRESKIN│JOHNSON│TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

information and belief, Xerox has exercised control over Livebridge and the Affiliated Computer Services companies since it purchased them in 2010.  Xerox conducts business, including employing thousands of employees, in the Western District of Washington.

3.4    Defendant Livebridge, Inc. is an Oregon corporation with its headquarters in Texas.  On information and belief, Livebridge is the subsidiary company or affiliate of co-Defendant Xerox.  Livebridge has conducted business in the Western District of Washington.  On information and belief, Livebridge has employed thousands of employees in the United States, including Plaintiff Richard and proposed Class members.

3.5    Defendant Affiliated Computer Services, Inc. is a Delaware corporation with its headquarters in Texas.  On information and belief, Affiliated Computer Services, Inc. is the subsidiary or affiliate of co-Defendant Xerox and was acquired by Xerox in 2010.  Affiliated Computer Services, Inc. has conducted business in the Western District of Washington.  On information and belief, Affiliated Computer Services, Inc. has employed thousands of employees in the United States, including Plaintiffs and proposed Class members.

3.6    Defendant Affiliated Computer Services, LLC is a Delaware limited liability company with its headquarters in Texas.  On information and belief, Affiliated Computer Services, LLC is the subsidiary or affiliate of co-Defendant Xerox.  On information and belief, Affiliated Computer Services, LLC has conducted business in the Western District of Washington.  On information and belief, Affiliated Computer Services, LLC employs thousands of employees in the United States, including Plaintiffs and proposed Class members.

## IV.    CONCERTED ACTION ALLEGATIONS

4.1    Pursuant to 29 U.S.C. §216(b), Plaintiffs bring this case as a concerted action on behalf of all employees of Defendants in the United States who are similarly

situated, i.e., all current and former employees of Defendants who have been employed by Defendants in the United States as non-exempt customer service employees at any time between October 12, 2009 and the date of final disposition of this action (the "Class").

4.2    The named Plaintiffs are similarly situated to the members of the proposed Class because they were employed by Defendants in the same or similar positions, they were required to use the same or similar systems to record their time and work activities, they were required to perform work before and after their shifts without compensation, and they were systematically denied full compensation for all hours worked, including overtime hours.

4.3    This case is related to a state-law class action case, *Hill v. Xerox Corp. et al*, Case No. 2-cv-00717-JCC, which is currently pending in this Court.

## V.    SUMMARY OF FACTUAL ALLEGATIONS

5.1    <u>Common Course of Conduct</u>.    Defendants have engaged in, and continue to engage in, a common course of wage and hour abuse against customer service employees through their pay practices, including but not limited to the "Activity Based Compensation" ("ABC") plan or other incentive-based compensation plans. Under these plans, Defendants pay customer service employees based on a hybrid model that combines hourly rates with complicated incentive rates for time spent on incoming phone calls with customers.  Defendants' compensation system results in customer service employees performing unpaid work both on and off the clock. Defendants fail to track and pay for all regular and overtime hours worked by customer service employees.  For example, Defendants only track and pay for the time in which customer service employees are logged into Defendants' phone system and taking calls or in special training sessions.  As another example, Defendants require customer service employees to perform uncompensated, off-the-clock work when the employees are not logged into the time-keeping system and when the employees are

CLASS ACTION COMPLAINT- 4
(NO. _____)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

1  logged into certain auxiliary codes in the system.  Defendants also fail to pay customer
2  service employees for all overtime work.

3  5.2   Off-the-Clock Work.  Defendants' common course of wage and hour
4  abuse includes but is not limited to routinely failing to compensate customer service
5  employees for off-the-clock work.  As a result of this off-the-clock work, customer
6  service employees are deprived of straight-time and overtime wages.  Defendants
7  have had actual or constructive knowledge of the fact that customer service
8  employees are performing uncompensated off-the-clock work.

9  a.   Pre-Shift Work.  During the applicable statute of limitations period,
10  Defendants have required Plaintiffs and proposed Class members to perform unpaid,
11  pre-shift work, including but not limited to finding an open computer terminal, starting
12  the computer system by entering a username and password, opening multiple
13  programs required for their work and waiting for all necessary programs to load, all
14  before officially logging on to the time-keeping system to "start" their scheduled shift.
15  The time for which Defendants' customer service employees are paid begins only
16  when they log on to the time-keeping system, which they are not allowed to do until
17  their scheduled shift start time.  Plaintiffs and proposed Class members are not paid
18  for work performed before logging on to the system.  During training, Defendants
19  emphasize to customer service employees that they must arrive at work 15 minutes
20  prior to their scheduled shift time in order to find a computer terminal, activate the
21  computer, open required programs, and perform other tasks before logging on to the
22  system (and thus starting the time clock).  Defendants pay customer service
23  employees only for the time they are logged on to certain settings in the system, which
24  normally corresponds with the scheduled shift time, not the time they are actually
25  working.  In fact, customer service employees are not permitted to log on to the
26  system and start the time clock until they have completed all of their pre-log-on work.
27  Plaintiffs and proposed Class members often spend approximately 15 minutes per day

CLASS ACTION COMPLAINT- 5
(NO. _____)

BRESKIN|JOHNSON|TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

working on pre-shift activities alone.   The preliminary activities are necessary for Plaintiffs and proposed Class members to perform their principal work activities and are part of Defendants' ordinary course of business.   Defendants have had actual or constructive knowledge of the fact that customer service employees are not being compensated for pre-shift work.

        b.    <u>Post-Shift Work</u>.   During the applicable statute of limitations period, Defendants have required Plaintiffs and proposed Class members to perform unpaid work <u>after</u> logging out of the system (i.e., clocking out).   After logging out of the system and "ending" their scheduled shifts, Plaintiffs and proposed Class members are required to close several programs on their computers and sign out of the computers.   During training, Defendants emphasizes to customer service employees that they must log out of the system (i.e., clock out) before closing any open programs on their computers.   Plaintiffs and proposed Class members often spend approximately 10-15 minutes per day working on post-shift activities alone.   In addition, on information and belief, Defendants require customer service employees to perform other unpaid work outside of the employees' scheduled shift time.   Defendants have had actual or constructive knowledge of the fact that customer service employees are not being compensated for post-shift work.

     5.3    <u>Other Unpaid Work</u>.   During the applicable statute of limitations period, Defendants have failed to pay Plaintiffs and proposed Class members for all hours worked during the scheduled and recorded workday.   Under the Defendants' ABC or incentive-based compensation plans, Defendants record and pay for the work of Plaintiffs and proposed Class members in a variety of ways, using separate and variable rates for assigned customer service tasks and other activities.   Under the ABC plan, Defendants do not pay for all hours worked by Plaintiffs and proposed Class members.   Defendants have had actual or constructive knowledge of the fact that customer service employees are not being compensated for all hours worked.

5.4   <u>Overtime</u>.   Defendants' common course of wage and hour abuse includes routinely failing to properly record and compensate customer service employees for all overtime hours worked.  Employees are entitled to one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per week.  As outlined above, Defendants fail to pay for pre-shift and post-shift work performed by customer service employees, and for other work performed on the clock, all of which results in failure to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per week.  Defendants have had actual or constructive knowledge of the fact that customer service employees are not being compensated for all overtime hours worked.

## VI.   CLAIMS

6.1   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2   Defendants regularly engage in commerce and their employees are engaged in interstate commerce.

6.3   Defendants are and have been employers for purposes of the FLSA, 29 U.S.C. §203(d).

6.4   Plaintiffs and the proposed class have been employees of Defendants for purposes of the FLSA, 29 U.S.C. §203(e).

6.5   <u>Failure to Pay Minimum Wage</u>.   While employed by Defendants, Plaintiffs and proposed Class members performed work for Defendants for which they were not compensated.  Defendants failed to pay Plaintiffs and proposed Class members the legal minimum wage for all hours worked, in violation of 29 U.S.C. §206.

6.6   <u>Failure to Pay Overtime Premiums</u>.   While employed by Defendants, Plaintiffs and proposed Class members performed overtime work for which no additional compensation was paid to them.  Defendants failed to pay Plaintiffs and

CLASS ACTION COMPLAINT- 7
(NO. _____)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

proposed Class members one and one-half times their regular rates of pay for hours worked in excess of forty hours per week, in violation of 29 U.S.C. §207.

6.7   <u>Willful Violations</u>.   Throughout the class period, Defendants have willfully, deliberately, and knowingly refused to pay Plaintiffs and proposed Class members for all hours worked and for overtime hours worked.

## VII.   PRAYER FOR RELIEF

7.1   WHEREFORE, Plaintiffs, on their own behalves and on behalf of the proposed Class, seek judgment against Defendants as follows:

a.      Certification of this case as a collective action under 29 U.S.C. § 216(b);

b.      A declaration that Defendants are financially responsible for notifying all Class members of Defendants' wage and hour violations;

c.      Appoint Plaintiffs as representatives of the Class;

d.      Appoint the undersigned counsel as counsel for the Class;

e.      Declare that Defendants' actions complained of herein violate the FLSA;

f.      Enjoin Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in the unlawful and wrongful conduct set forth herein;

g.      Award Plaintiffs and the Class compensatory and liquidated damages;

h.      Award Plaintiffs and the Class reasonable attorneys' fees and costs;

i.      Award Plaintiffs and the Class prejudgment and post-judgment interest, as provided by law;

CLASS ACTION COMPLAINT- 8
(NO. _____)

1    j.    Permit Plaintiffs and the Class leave to amend the Complaint to

2    conform to the evidence presented at trial; and

3    k.    Grant such other and further relief as the Court deems necessary,

4    just, and proper.

5    DATED this 12th day of October, 2012.

6    BRESKIN JOHNSON & TOWNSEND, PLLC

7

8    By: /s/ Daniel F. Johnson
     Daniel F. Johnson, WSBA # 27848

9    1111 Third Avenue, Suite 2230
     Seattle, Washington 98101

10   206-652-8660 Phone
     206-652-8290 Fax

11   djohnson@bjtlegal.com

12

13   TERRELL MARSHALL DAUDT & WILLIE PLLC
     Toby J. Marshall, WSBA #32726

14   tmarshall@tmdwlaw.com
     Marc C. Cote, WSBA #39824

15   mcote@tmdwlaw.com
     936 North 34th Street, Suite 400

16   Seattle, Washington 98103
     Telephone: (206) 816-6603

17   Facsimile: (206) 350-3528

18

19   MACLEOD LLC
     Jon W. MacLeod, WSBA #8491

20   jwm@jwmacleodlaw.com
     1700 Seventh Avenue, Suite 2100

21   Seattle, Washington 98101
     Telephone: (206) 357-8470

22   Facsimile: (206) 357-8401

23   **Attorneys for Plaintiffs**

24

25

26

27

CLASS ACTION COMPLAINT- 9
(NO. _____)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660