THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTY DOUGLAS and TYSHEKA RICHARD, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>XEROX BUSINESS SERVICES, LLC, a Delaware limited liability company; LIVEBRIDGE, INC., an Oregon corporation; AFFILIATED COMPUTER SERVICES, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. C12-1798-JCC<br><br>ORDER |

This matter comes before the Court on the parties' stipulation and proposed order (Dkt. No. 310). Pursuant to the parties' stipulation, the Court FINDS and ORDERS as follows:

1. This Court certified a class of similarly situated employees who it found worked under a "common policy," the Activity Based Compensation ("ABC") plan.

2. Court-authorized notice was sent to putative class members and 3,367 individuals ultimately opted in to the action and were found to meet the class definition.

3. The claims alleged by the class are that Defendants "violated the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by utilizing a payment plan known as the ABC plan ("ABC claim").

4. This Court granted Defendants' motion for partial summary judgment in relation to Plaintiffs' ABC claims, holding that "Minimum wage pay for every hour worked, as required by the FLSA, was provided under the ABC plan. Accordingly, no minimum wage violation occurred." (Dkt. No. 295 at 13); (Dkt. No. 300 at 4) (confirmed on reconsideration).

5. The Ninth Circuit affirmed this Court's grant of partial summary judgment, holding that "Xerox's payment plan compensates employees for all hours worked" and, "[u]nder the workweek standard, Xerox complied with the minimum-wage provision." *Douglas v. Xerox Business Servs., LLC*, 875 F.3d 884, 890 (9th Cir. 2017).

6. In accordance with the holding of this Court and the Ninth Circuit (which are law of the case), the ABC claims of the 3,367 opt-in class members fail as a matter of law and are hereby DISMISSED with prejudice. The claims of the opt-in class members are thereby fully resolved.

7. This Court previously dismissed on partial summary judgment the ABC claims of the two Plaintiffs, Ms. Douglas and Ms. Richard, (Dkt. 295 at 14), and that order was affirmed on appeal.

8. The parties have agreed to settle any remaining claims of Plaintiffs Douglas and Richard and their remaining claims are hereby DISMISSED with prejudice pursuant to that settlement agreement and the stipulation of the parties.

9. All claims are resolved by this order. Final judgment shall be entered in this matter, and the case is closed.

//
//
//
//
//
//

DATED this 12th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE